IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **LEONARD** | : | **CASE NO. 04-254** |
| | : | |
| *vs.* | : | |
| | : | |
| **COOPER INDUSTRIES** | : | |

## PMA'S SETTLEMENT MEMORANDUM

The within action concerns a wrongful death/survivor claim of Kristina Leonard and her minor son, Casey Leonard pursuant to a fatal accident which occurred while Paul Leonard (husband/deceased) was in the course and scope of employment with Fabco, Inc. on July 10, 2002. Christina Leonard received fatal claim benefits and Casey Leonard received dependency benefits under the Pennsylvania Workers' Compensation Act, as amended, from PMA under insurer claim number W8902-01010, Bureau Claim number 2419349. Plaintiff's Civil Action Complaint alleges Paul Leonard was killed as a result of the negligence, strict liability of Cooper Industries. During the course of this litigation, PMA has informed all counsel in the third party matter of its worker's compensation lien on any third party recovery pursuant to Section 319 of the Pennsylvania Workers' Compensation Act. Although requested to protect PMA's statutory right to recover its lien in the third party matter, counsel for Plaintiff(s) has not agreed to protect same.[1] PMA has not intervened in the within matter.[2]

As a result of this fatal work accident, Kristina Leonard (Widow), received fatal claim benefits at the rate of 60% of the average weekly wage of Deceased Claimant Paul Leonard.[3] Kristina Leonard received $48,124.44 in widow's benefits as of 9/15/06 and received an additional $19,417.84 in a lump sum amount pursuant to a Compromise & Release Agreement entered into on 9/19/06 and approved by Workers' Compensation Judge Francis J. DeSimone under Decision bearing circulation date 9/22/06. Thereafter, Claimant's minor child, Casey Leonard, d/o/b 9/11/01, received dependency benefits under the Workers' Compensation Act at the rate of $117.15 per

---

[1] The parties disagree as to the application of the law to the subrogation lien. The dispute concerns the amounts which may be subject to subrogation. Plaintiff believes that enhancement of widow's benefits because of minor child is not subject to subrogation. There may also be a dispute as to whether dependency benefits under the Workers' Compensation Act are subject to a lien. According to Rule 1.15 Pa. RPC(c) (Safekeeping Property) and Rule 1.15 Pa. RPC(6), Plaintiff's counsel is obligated to protect PMA's lien.

[2] Pa. RCP 2327 (Who May Intervene) identifies a person not a party who shall be permitted to intervene at subsection (4), "the determination of such action may effect any legally enforceable interest of such person whether or not such person may be bound by a judgment in the action." PMA has an absolute right to subrogation under Section 319 of the Pennsylvania Workers' Compensation Act, as amended. Accordingly, Pa. R.C.P. Rule 232 A allows a Petition to Intervene.

[3] Section 307(3), 77 P.S. Section 561 (1) which states, "to the widow or widower, if there be one child, sixty per centum of wages, but not in excess of the Statewide average weekly wage." In this case Claimant's average weekly wage was $366.09 and 60% yielded $219.66 per week.

*week.[4]  Total widow benefits paid equals $67,542.88.  Total dependency benefits paid equal $15.698.10 as of January 16, 2009.[5]  Medical benefits equal $190.10.*

*PMA provided worker's compensation benefits and seeks to exercise its statutory right under Section 319, 77 P.S. Section 671.[6]  PMA's statutory right is absolute.  PMA has a lien against the widow's benefits as well as the dependency benefits.  See <u>Greater Lancaster Disposal/SEA Services v. WCAB (Linda Jean and George W. Snook)</u>, 607 A.2d 234 (1992) which states, in relevant part:*

> *Children, as provided in Section 307, 77 P.S. Section 561, are entitled to compensation in their own right only when the deceased is not survived by an eligible widow.  When such a widow exists, the existence of children serves to generate a <u>larger compensation award to the widow.</u>  The children, however, in such a situation have no right of their own to recover compensation...therefore, it is clear...that payments to the widow are made so that she may acquit her legal obligation to support her children...and are not recovered by the children in their own right....  (Emphasis added).*

---

[4] Section 307(1)(a) provides that where there is no widow entitled to compensation, then compensation shall be paid to the guardian of the child at a rate of thirty-two per centum of wages of deceased, but not in excess of the Statewide average weekly wage.

[5] The dependency amount increases as dependency benefits are paid every two weeks at the rate of $234.30 ($117.15 times two).

[6] Section 319 of the Pennsylvania Workers' Compensation Act states, in relevant part, "Where the compensable injury is caused in whole or in part by the act or omission of the Third Party, the employer shall be subrogated to the right of the employee, his personal representative, his estate or his dependents, against such third party to the extent of the compensation payable under this Article by the employer, reasonable attorney's fees, and other proper disbursements incurred by obtaining recovery or in effecting a compromised settlement shall be pro rated between the employer and the employee, his personal representative, his estate, or his dependents…".
The Pennsylvania Supreme Court in <u>Thompson v. WCAB (USEF&G Co.)</u>, 781 A.2d 1146 (Pa. 2001), stated with regard to Section 319 77 P.S. Section 671:

> The statute is clear and unambiguous. It is written in mandatory terms and, by its terms, admits no expressed exceptions, equitable or otherwise.  Furthermore, it does more than confer a "right" of subrogation of the employer; rather, subrogation is automatic.  See <u>Smith v. Yellow Cab Co.</u>, 288 Pa. 85, 89, 135 A. 858, 860 (1927) (Section 319 establishes "that the employer is not given a right of subrogation only, **but is 'subrogated' to the extent of the compensation paid**".  (Emphasis supplied).  <u>Thompson</u> at 1151.  (Emphasis in the original).

> *We hold that where a widow institutes a workmen's compensation action and an increased award to her is generated by the presence or existence of children, the compensation carrier is not subrogated to the recovery received by the children in a wrongful death action.[7]* Great Lancaster Disposal/SEA Services *at 338-339.*

In Gillette v. Wurst, 594 Pa. 544, 937 A.2d 430 (Pa. 2007), deceased claimant was shot and killed by a middle school student at an eighth grade dance in the course and scope of his employment as a middle school teacher. Claimant's widow received fatal claim benefits under the Pennsylvania Workers' Compensation Act and filed a wrongful death action against the Wursts. Gillette's widow received $288,000.00 and, under a proposed settlement agreement, widow lawfully disclaimed her interest in the settlement with the exception of $12,000.00 with the remaining funds to be distributed between three children. Although Widow Gillette had a right to disclaim, the Court stated, "the right to disclaim under the intestacy statutes exists, however, this right accrues to the benefit of the worker's compensation carrier. The Supreme Court succinctly stated:

> *Our conclusion in this regard comports with Our conclusion in this regard comports with* Seymour—*just as a party may not apportion an award under the Wrongful Death Act in a way that defeats a worker's compensation provider's subrogation under Section 671, a plaintiff who has instituted an action under the wrongful death statute may not then disclaim entitlement to the award and thereby defeat the right of subrogation under Section 671. We conclude the statutes are not irreconcilable since they may achieve its intended purpose under the above construction.*
>
> *Accordingly, we reverse the Superior Court's decision which affirmed the Trial Court's Order approving the parties' proposed settlement and distribution... Disclaiming benefits to minimize or avoid taxes is clearly permitted by statute. Disclaiming to avoid subrogation to which a private party was statutorily entitled is not permitted.*

---

[7] For example, a widow who receives an enhanced widow's benefit as a result of having a minor child is subject to the statutory Section 319 subrogation lien. Recovery received by the child in a wrongful death action is not recoverable by subrogation as against widow's enhanced benefits. Only benefits received under the dependent's own rights are subject to Section 319 lien as against Defendant. However, in the instant matter in addition to a lien against the widow's benefits, PMA also has a subrogation lien against the dependency benefits paid thus far in the amount of $15,698.10 and ongoing, as these are paid in the dependent's own rights and not part of the widow's enhanced benefit.

PMA has not waived or compromised its subrogation rights and seeks to have its lien protected by this Honorable Court.[8]  As part of its rights, PMA seeks fair apportionment.

Respectfully,

*[signature]*

DAVID T. LATOFF, ESQUIRE
380 Sentry Parkway
Blue Bell, PA  19422
484-530-3670
Atty I.D. 58509

---

[8] See paragraph 11 of the Compromise & Release Agreement entered into by Kristina Leonard where employer asserts its right to the subrogation lien under the Act.

## CERTIFICATE OF SERVICE

I, David T. Latoff, Esquire, do hereby certify that on this date a true and correct copy of PMA's Settlement Memorandum was served by first class mail, postage pre-paid, upon the person(s) listed below:

Christine Boyd, Esquire
Lavin, O'Neil, Ricci, Cedrone & DiSipio
190 North Independence Mall West, Suite 500
6th & Race Streets
Philadelphia, PA 19106

Donald Palermo, Esquire
Hannon & Palermo, PC
Public Ledger Building
150 S. Independence Mall West, Suite 1000
Philadelphia, PA 19106-3323

Darren Craine, Subrogation Specialist
PMA Insurance Group
245 Grandview Avenue
Camp Hill, PA 17011


Respectfully submitted,

_____
DAVID T. LATOFF, ESQUIRE

DATE: 1/13/09